1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS ZILL HANLEY,                     No.  2:20-CV-0995-TLN-DMC-P

12                 Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   STATE OF CALIFORNIA, et al.,

15                 Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the court is plaintiff's complaint. See ECF No. 1.

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7                        **I.  PLAINTIFF'S ALLEGATIONS**

8          The plaintiff, Thomas Zill Hanley, is an inmate incarcerated at California Health

9  Care Facility. Plaintiff names the following defendants: (1) the State of California, (2) the County

10  of San Francisco, and (3) Child Protective Services (CPS). Plaintiff claims defendants violated his

11  Eighth Amendment right to be free of cruel and unusual punishment by housing him with an

12  abusive guardian when he was a child.

13          Plaintiff suffers from fetal alcohol syndrome and complex post-traumatic stress

14  disorder. Plaintiff's therapists and case workers repeatedly reported plaintiff's foster mother to

15  defendant CPS due to her abusive behavior towards plaintiff and refusal to provide plaintiff with

16  access to psychotherapy or prescription medication. CPS did not take any action in response to

17  the reports. Defendants State of California, CPS, and County of San Francisco terminated

18  plaintiff's access to his therapeutic support system when he turned eighteen years old despite

19  clear evidence that plaintiff still needed the services. Plaintiff claims that defendants' inaction and

20  revocation of resources led him to murder his legal guardian and receive a lengthy jail sentence.

21

22                        **II.  DISCUSSION**

23          Plaintiff's suit cannot pass screening. First, the Eleventh Amendment bars plaintiff

24  from filing a lawsuit against the State of California or California's Child Protective Services.

25  Second, plaintiff cannot sue the County of San Francisco for the individual actions of its social

26  workers because municipalities are not liable for respondeat superior liability in § 1983 actions.

27  Third, plaintiff's Eighth Amendment claim cannot stand because the Heck doctrine bars § 1983

28  actions that challenge the nature or duration of an inmate's confinement.

**A.**     **Claims Against State of California and Child Protective Services**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations against the State of California cannot stand because the Eleventh Amendment bars plaintiff from suing states. The Eleventh Amendment also bars plaintiff's claims against California's Child Protective Services. Child Protective Services is a branch of the California Department of Social Services. The Department of Social Services operates as an agency of the state and thus has the same Eleventh Amendment protections as the state. See Caldwell v. LeFaver, 928 F.2d 331, 332 (9th Cir. 1991); see also Fed. R. Evid. 201 (allowing court to take judicial notice of matters of both state court records and its own record).

**B.**     **Claim Against the County of San Francisco for the Individual Actions of Its Social Workers**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los

3

1   Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

2          Plaintiff's claim against the County of San Francisco contains allegations based on

3   the individual actions of the social workers assigned to his case.[1] Plaintiff's claims that are based

4   on the individual actions of social workers are not cognizable because a municipality is not liable

5   for the conduct of its employees. Plaintiff can only pursue a § 1983 action against the County of

6   San Francisco for municipal policies or customs that denied plaintiff his constitutional rights. No

7   such allegations are stated by plaintiff.

8          **C.    <u>Eighth Amendment Claim to Be Free of Cruel and Unusual
       Punishment</u>**

9

10         When a state prisoner challenges the legality of his custody and the relief he seeks

11  is a determination that he is entitled to an earlier or immediate release, such a challenge is not

12  cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

13  of habeas corpus.  See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>see also</u> <u>Neal v. Shimoda</u>,

14  131 F.3d 818, 824 (9th Cir. 1997); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir.

15  1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

16  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

17  underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in

18  imposition of a sanction affecting the overall length of confinement, such a claim is not

19  cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by

20  habeas petition, or through some similar proceeding.  See <u>Heck v. Humphrey</u>, 512 U.S. 477, 483-

21  84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

22  malicious prosecution action which includes as an element a finding that the criminal proceeding

23  was concluded in plaintiff's favor); <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

24  (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

25  attempt to challenge substantive result in parole hearing); <u>cf. Neal</u>, 131 F.3d at 824 (concluding

26

27         [1]    Plaintiff also alleges that the County of San Francisco violated his constitutional
    rights through an official policy. The <u>Heck</u> doctrine bars this claim, as discussed in the following
28  section.

                                          4

that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

The Court acknowledges that plaintiff attempts to bring an Eighth Amendment cruel and unusual punishment claim. However, § 1983 is not the appropriate vehicle of relief. Plaintiff alleges that defendants' inaction led him to commit a crime and receive a lengthy prison sentence. This claim necessarily challenges the nature and duration of plaintiff's confinement by suggesting that plaintiff was not entirely responsible for the crime he committed.  As a result, a petition for writ of habeas corpus is the only federal relief available to plaintiff and plaintiff cannot successfully establish a § 1983 claim based on the alleged events.

Moreover, to the extent plaintiff alleges defendant County of San Francisco is liable based on customs or policies of the county, plaintiff cannot state a claim because those customs or policies could not have been the moving force behind the alleged Eighth Amendment violation.  Here, plaintiff alleges he is suffering cruel and unusual punishment in the form of confinement as a result of committing a crime which, in turn, plaintiff asserts he would not have committed but for the county's customs or policies.  As discussed above, these allegations, at best, suggest some mitigation for his crime, which would be an issue in challenging the fact or duration of plaintiff's confinement, not the conditions of that confinement.  Plaintiff's custom and policy allegations against the county do not relate to the conditions of his current confinement, which would be necessary for plaintiff to be able to establish the required link between the allegedly deficient customs and/or policies and a violation of plaintiff's Eighth Amendment rights.

///

///

///

///

5

## III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's claims against all defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 25, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE